**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11767

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HENRY ABDO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80209-WPD-1

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Henry Abdo appeals his sentence of 168 months' imprisonment for two counts of wire fraud, arguing that the district court erred in applying a two-level enhancement under U.S.S.G.

§ 2B1.1(b)(9)(A) for misrepresenting that he was acting on behalf of a charitable organization. Because this argument was raised for the first time on appeal, we review for plain error only. But here, any error was not plain or obvious under current law. We therefore affirm Abdo's sentence.

## I.

In January 2025, Abdo pled guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a written plea agreement. In support of the plea agreement, Adbo and the government executed a stipulated factual basis for the offenses.

According to the factual basis, Abdo operated a "classic Ponzi scheme" through his company, Titanium Capital LLC (Titanium). Abdo solicited investments in Titanium, which purported to operate a foreign currency-exchange platform that profited from transaction fees and guaranteed a fixed rate of return. In reality, Titanium had no trading platform, and investor returns were paid by soliciting and transferring new investments, not by fees or profits. In total, Abdo fraudulently solicited more than $6 million from over 200 investors.

To solicit and comfort investors, Abdo "represented that he oversaw educational and charitable organizations, including the African Food Basket Federation, the John Brademas Foundation, and the American University of Europe." But "[t]he African Food Basket Federation has no activity, the American University of Europe has no students, and the real John Brademas Foundation has no relationship with [Abdo] or Titanium Capital." Abdo also

"falsely represented to investors that the majority of Titanium's profits were donated to the blind and handicap." These same facts were reproduced almost verbatim in paragraph 16 of the presentencing investigation report ("PSR").

At Adbo's sentencing, he raised various factual objections to the PSR, including to paragraph 16. He presented letters from individuals associated with different organizations, including the Africa Food Basket Foundation and the American University of Europe, to establish his involvement in charitable activities, and claimed that he "didn't give any misrepresentation." The court observed that the letters confirmed that Abdo "has been involved in charitable endeavors," but that they did not contradict paragraph 16, which was supported by the stipulated factual basis. Accordingly, the court overruled the objection.

Apart from his factual objections, Abdo did not raise any challenge to the PSR's guideline application decisions. As relevant here, the PSR applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(9)(A) because "the offense involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, educational, religious, or political organization or government agency."

Accordingly, the district court adopted the PSR's guideline range of 135 to 168 months, which Abdo's counsel confirmed was correct. Ultimately, the district court sentenced Abdo to 168 months of imprisonment.

## II.

On appeal, Abdo contends that the district court erred in applying the two-level enhancement under U.S.S.G. § 2B1.1(b)(9). He argues that § 2B1.1(b)(9) does not apply because he was "inducing investors to invest in a profit-making company, Titanium," not "inducing donors to make a donation to a charitable organization."

We ordinarily review a district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Irons*, 176 F.4th 1275, 1280 (11th Cir. 2026). But "[w]hen a defendant has an opportunity to object and fails to raise an argument before the district court, we review only for plain error." *Id.* (quotation marks omitted). To preserve an issue, "a defendant must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Thomas*, 108 F.4th 1351, 1355 (11th Cir. 2024) (quotation marks omitted).

"To establish plain error, there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights." *United States v. Beaufils*, 160 F.4th 1147, 1162 (11th Cir. 2025) (quotation marks omitted). When these three elements are met, we may correct the error if it "seriously affected the fairness of the judicial proceedings." *United States v. Crespo*, 178 F.4th 1250, 1266 (11th Cir. 2026) (quotation marks omitted). Usually, a court's reliance on an incorrect guideline range is enough to affect the defendant's substantial rights and to seriously affect the fairness of the proceedings. *Rosales-Mireles v. United States*, 585 U.S. 129, 139–42 (2018); *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016).

"[A]n error cannot meet the 'plain' requirement of the plain error rule unless it is clear under current law." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (quotation marks omitted). So "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Id.*

Section 2B1.1(b)(9)(A) provides for a two-level enhancement if a fraud offense "involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." U.S.S.G. § 2B1.1(b)(9)(A). The commentary to the guideline states that the enhancement applies when the defendant "represented that the defendant was acting to obtain a benefit on behalf of a charitable, educational, religious, or political organization, or a government agency . . . when, in fact, the defendant intended to divert all or part of that benefit (e.g., for the defendant's personal gain)." U.S.S.G. § 2B1.1, cmt. n.8(b). This provision aims to enhance the sentences of defendants who take advantage of "the generosity and charitable motives of victims" and "exploit victims' charitable impulses," which "create[s] particular social harms." *Id.* § 2B1.1, cmt. (background).

Here, we review only for plain error because Abdo challenged the application of § 2B1.1(b)(9) for the first time on appeal. *See Irons*, 176 F.4th at 1280. Although he objected below to certain factual allegations in the PSR regarding his charitable activities, which were taken almost verbatim from the stipulated factual basis

for his plea agreement, he did not raise any objection to the application of § 2B1.1(b)(9). *See Thomas*, 108 F.4th at 1355. In particular, he made no argument in the district court—as he does on appeal—that the stipulated facts were insufficient to support the application of § 2B1.1(b)(9). And he agreed with the district court that the final calculation of a guideline range of 135–168 months was correct. Plain-error review applies in these circumstances.

Abdo cannot establish plain error. Neither the Supreme Court nor this Court has ever resolved whether § 2B1.1(b)(9) applies when, as here, the defendant solicited investments in a for-profit company with misrepresentations that the contributions would benefit charitable causes. *See Aguillard*, 217 F.3d at 1321. And our review of relevant authority from other circuits shows that "the district court's alleged error is not 'obvious' or 'clear under current law.'" *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

The Ninth Circuit has held that the § 2B1.1(b)(9) charitable enhancement applies when, as here, the defendant "pretended to be interested in diverting some of the results of for-profit investments to charities and represented that the donors' investment would inure to the benefit of a charity." *United States v. Cohen*, 742 F.3d 856, 860 (9th Cir. 2013). The Ninth Circuit has reasoned that the "the term 'acting on behalf of' does not require acting as a direct representative or agent of a charity," but rather "can be used either to mean an 'agent or representative of,' or to mean 'in the interest or for the benefit of.'" *United States v. Treadwell*, 593 F.3d 990, 1008

(9th Cir. 2010) (quoting Bryan A. Garner, Garner's Modern American Usage 94 (3d ed. 2009)), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095, 1102 (9th Cir. 2020). Thus, in the Ninth Circuit's view, "[f]or the purposes of 'acting on behalf of' under § 2B1.1(b)([9])(A), it was sufficient that [the defendant] represented that loans to the investment companies would benefit humanitarian projects and therefore be 'in the interests of' those projects." *Treadwell*, 593 F.3d at 1008.

To be sure, some other circuits construe § 2B1.1(b)(9) more narrowly. *See, e.g.*, *United States v. Frazier*, 53 F.3d 1105, 1114 (10th Cir. 1995) (indicating that § 2B1.1(b)(9) does not apply unless the offense "involve[s] a false representation of the defendant's authority to act on behalf of the charitable organization"). But because "neither the Supreme Court nor this Court has ever resolved [the] issue, and other circuits are split on it," Abdo has not shown that any error in applying § 2B1.1(b)(9) was sufficiently "plain" to warrant reversal. *Aguillard*, 217 F.3d at 1321.

For these reasons, we affirm Abdo's sentence.

**AFFIRMED.**